# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE

## DAVID JOE DOUGLAS BLAIR v. STATE OF TENNESSEE

### Direct Appeal from the Circuit Court for Lawrence County
### No. 20387     Jim T. Hamilton, Judge

---

### No. M2004-02571-CCA-R3-PC - Filed April 22, 2005

---

After having been indicted for the offense of first degree murder, Petitioner, David Joe Douglas Blair, pled guilty to the lesser included offense of second degree murder on June 6, 1999, pursuant to a negotiated plea agreement, and received a sentence of twenty-five years in the Department of Correction. On January 5, 2001, Petitioner filed a "Motion for Appointment of Counsel" pertaining to this matter and referenced a statute pertaining to the right to petition for post-conviction relief. The trial court appointed counsel and an amended petition for post-conviction relief was filed. The State answered, and in its answer alleged that the petition should be summarily dismissed because it was filed outside of the applicable statute of limitations. The trial court granted the motion and dismissed the petition. Petitioner appealed, and filed his brief. The State has filed a motion for this court to affirm the dismissal pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Finding merit in the motion, we grant same and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

M. Wallace Coleman, Jr., Lawrenceburg, Tennessee, for the appellant, David Joe Douglas Blair.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; and Michael Bottoms, District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

Petitioner's "Motion for Appointment of Counsel," which initiated the post-conviction proceedings, was filed January 5, 2001, approximately nineteen months after the judgment was entered reflecting his conviction for second degree murder. No appeal was taken from the judgment entered after a negotiated plea agreement, and therefore, in order to be timely, any post-conviction proceeding would have to have been filed within one (1) year of the date on which the judgment became final. Petitioner's conviction became final thirty days after entry of the judgment reflecting

his guilty plea. *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003). Accordingly, the petition was filed well outside the one-year statute of limitations provided in Tennessee Code Annotated section 40-30-102.

Tennessee Code Annotated section 40-30-102(b) contains three exceptions to the one-year statute of limitations, none which would apply in this case according to the allegations of the petition. Furthermore, there are no allegations in the petition which would necessitate due process violations tolling the statute of limitations. *See Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992).

Petitioner argues in his brief that the summary dismissal of his petition kept him from having the opportunity to "show to the trial court why his Petition was filed late and that said late filing should be excused." Neither the amended petition, nor the brief, set forth any reasons for the late filing of the petition for post-conviction relief. Petitioner acknowledges that his petition was filed beyond the applicable statute of limitations. Under the circumstances, the trial court did not err in summarily dismissing the petition for post-conviction relief. Petitioner is not entitled to relief in this appeal.

## CONCLUSION

The petition for post-conviction relief was filed outside the applicable statute of limitations. The amended petition does not set forth reasons which would justify a tolling of the statute of limitations. The judgment rendered by the trial court in this case, dismissing the petition for post-conviction relief, was in a proceeding before the trial court without a jury and was not a determination of guilt, and the record does not preponderate against the finding of the trial court. Furthermore, no error of law requiring a reversal of the judgment is apparent on the record. Accordingly, the judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals.

_____
THOMAS T. WOODALL, JUDGE